## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN D. CAMPO | ) | CASE NO. 08-41735 |
| | ) | CHAPTER 7 |
| Debtor | ) | |

| | | |
|---|---|---|
| MELANIE WETZEL CAMPO | ) | CASE NO. 09-40122 |
| | ) | CHAPTER 7 |
| Debtor | ) | |

## MEMORANDUM

These cases come before the Court on the Trustee's Renewed Motions to Set Aside the Order Granting Bank of America, N.A.'s Motion for Relief from the Automatic Stay and for Abandonment of Property filed by Roberta S. Dunlap, the Chapter 7 Trustee.   Bank of America, N.A. ("BoA"), objected to each motion.  At the last hearing on the motion held August 11, 2009, the parties waived a formal evidentiary hearing in this matter and agreed that the Court could render its decision based upon the record before it.  The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

## FINDINGS OF FACT

First, with respect to the John Campo bankruptcy case, John Campo commenced his Chapter 7 bankruptcy case on December 23, 2008, and on December 24, 2008, the Court appointed Roberta S. Dunlap as Chapter 7 Trustee ("Trustee").  In Schedule A of the debtor's sworn schedules, he listed an interest in real property located at 4365 Saddlebrooke Trail, Owensboro, Kentucky.  While on Schedule A John Campo did not list any co-owners with respect to this property, he did list Melanie Campo as a co-debtor in Schedule H.  In Schedule D, he listed BoA and Old National Bank ("ONB") as creditors holding security interests in the Saddlebrooke property.

On January 7, 2009, BoA moved for stay relief and abandonment with respect to the real property mentioned above.  On January 8, 2009, the clerk of court noticed this motion out for objections to all parties in interest, including the Trustee.  On February 5, 2009, in the absence of an objection by any party in interest, the Court granted BoA's motion for stay relief and abandonment.  On April 7, 2009, John Campo received his Chapter 7 discharge.

With respect to the Melanie Campo case, Melanie Campo commenced her Chapter 7 bankruptcy case on February 9, 2009, and on February 10, 2009, the Court appointed Roberta S. Dunlap as Chapter 7 Trustee.  In Schedule A, Melanie Campo listed a tenancy in the entirety interest in real property located at 4365 Saddlebrook Trail, Owensboro Kentucky.  In Schedule H, she listed John Campo as a co-debtor.  In Schedule D, she listed both BoA and ONB as creditors holding security interests in the Saddlebrook property.

On February 24, 2009, ONB moved for stay relief and abandonment with respect to the Saddlebrook property.  On March 3, 2009, BoA also moved for stay relief and abandonment on the Saddlebrook property. The clerk of court noticed both of these stay relief and abandonment motions out for objections to all parties in interest, including the Trustee.  The Court, in the absence of any objection, granted ONB's motion for stay relief and abandonment on March 16, 2009, and granted BoA's motion for stay relief and abandonment on March 20, 2009.

On May 15, 2009, the Trustee filed a motion in the John Campo case to set aside the January 26, 2009 order granting BoA stay relief and abandonment.  On that same date, the Trustee moved in the Melanie Campo case to set aside the March 20, 2009 order granting BoA stay relief and abandonment.  The Trustee alleged that in a foreclosure action in Daviess Circuit Court, ONB, the second mortgage holder on Saddlebrook property, prevailed by default judgment in a foreclosure

action against BoA.  The Daviess Circuit Court granted ONB a judgment and order of sale on February 4, 2009, and foreclosed BoA's mortgage lien.  The Davies Circuit Court later denied BoA's motion for relief from judgment.  The Trustee alleged that with BoA's mortgage lien foreclosed, significant equity in the Saddlebrook property exists for the bankruptcy estate, subject to the debtors' claimed exemption.

On June 2, 2009, BoA objected to the Trustee's motion to vacate.  BoA asserted that the Daviess Circuit Court foreclosure case was dismissed, prior to a final judgment on the merits. Dismissal put the parties back in the same position as existed prior to the filing of the case.  Thus, BoA still retains a valid first mortgage on the Saddlebrook property.  BoA argued the Trustee presented insufficient grounds to vacate the January 26, 2009 order granting stay relief and abandonment.

At a hearing held on June 9, 2009, the Court concluded that since ONB did not receive relief from the automatic stay imposed by 11 U.S.C. § 362, its foreclosure action violated the automatic stay in the John Campo case, and thus the ONB judgment was void.  Consequently, the Court denied the Trustee's motions to vacate.

On June 22, 2009, the Trustee filed a Renewed Motion to Set Aside the Order Granting Bank of America, N.A.'s Motion for Relief from the Automatic Stay and for Abandonment of Property. With respect to the Court's previous ruling regarding ONB's void judgment, the Trustee stated that John D. Campo conveyed the Saddlebrook property to Melanie Campo on March 16, 2007. Therefore, the property was not property of John Campo's estate, and was not subject to the automatic stay provisions of § 362.  As before, BoA objected to the Trustee's motions.

According to the exhibits filed by the parties, ONB commenced its foreclosure action on

3

November 17, 2008, prior to the December 23, 2009 filing of John Campo's Chapter 7 bankruptcy case. The Daviess Circuit Court entered default judgment against BoA on February 4, 2009. The default judgment entered by the Daviess Circuit Court does not extinguish BoA's lien, but only held that ONB held a first priority lien against the Saddlebrook property. Before the foreclosure sale was conducted, on May 18, 2009, the Daviess Circuit Court, on motion of ONB, dismissed the foreclosure action. ONB had been paid in full by BoA and assigned its interest to BoA. Apparently, rather than pursuing an appeal of the default judgment, BoA chose to purchase ONB's interest in the property. ONB assigned its interest to BoA by assignment recorded May 18, 2009.

### DISCUSSION

There are several different reasons why the Court must rule against the Trustee in these motions. First, with respect to the Court's previous ruling that ONB violated the automatic stay, it is certainly arguable that ONB's default judgment against BoA did not violate the automatic stay. While it is true that there existed an automatic stay in the John Campo case at the time of the default judgment, the default judgment entered against BoA did not address the Campos and the Judgment and Order of Sale granted only an in rem judgment against the Campos.

More importantly, as BoA points out in its brief, the default judgment merely awarded ONB first priority over BoA. It did not extinguish BoA's lien. Neither the default judgment nor the order of sale contain any language to the effect that BoA's mortgage lien is voided or extinguished. Indeed, paragraph 14(d) of the order of sale provides that proceeds of the sale of property shall be payable to BoA, after the payment of ONB lien and other assorted costs. This Court is at a loss to understand how the Trustee can read these orders and conclude that BoA's lien was extinguished. Before the Daviess Circuit Court entered the default judgment, BoA possessed a valid lien against

this property and after the entry of the default judgment, BoA still possessed a valid lien against the property. The state court adjudication merely established priority rights, it did not consider or decide the validity of BoA's lien rights.

Finally, the Court addresses the issue of whether it should set aside an order of abandonment previously entered. The Trustee argues the Court should set aside its previous orders of abandonment due to newly discovered evidence which could not, with reasonable diligence, have been discovered in time for the trustee to object to BoA's motion within the relevant period for objections. The Trustee argues the subsequent state court action constitutes newly discovered evidence under Fed. R. Bankr. P. 9024, and constitutes sufficient grounds for setting aside the orders of abandonment.

There are basically three types of abandonment that may occur in a bankruptcy case. These types of abandonment are set forth in § 554 of the Bankruptcy Code. The first two types of abandonment are found in § 554(a) and (b). These abandonments take place upon motion of a party, notice and opportunity for a hearing, and, when appropriate, a confirming court order. The third type of abandonment is a technical abandonment, which applies to unadministered property at the closing of the case. In this case, the Court entered the orders of abandonment upon motion of BoA and after notice and opportunity for objection were given to all parties in interest, including the Trustee. The Trustee relies upon Fed. R. Bank. P. 9024, which makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy matters, as authority to set aside the previous orders. Rule 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3)

5

fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Trustee argues the state court actions constitute newly discovered evidence. This Court disagrees. In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate that: 1) she exercised due diligence in obtaining the information; and 2) the evidence is material and clearly would have produced a different result if presented before the original judgment. *McFall v. Patton,* 238 F.3d 422 (6th Cir. 2000). Here, the Trustee has not presented new evidence which justifies granting Rule 60(b)(2) relief. First of all, with respect to the John Campo case, the evidence presented by the Trustee came into existence after the Court entered the abandonment order, and as such does not qualify as "newly discovered evidence" under Rule 60(b)(2). *Id.* With respect to the Melanie Campo case, assuming *arguendo* that the Trustee exercised due diligence in obtaining the information, the Trustee cannot show that the evidence clearly would have produced a different result if presented before the original abandonment order. Because of the specific language in the default judgment and judgment and order of sale, and the fact that BoA still possessed a valid lien, the Court would still have granted BoA's motion for stay relief and abandonment.

The state court rulings did not void, extinguish, or foreclose BoA's lien rights, but merely set the order of priority for any distribution of proceeds. BoA possessed a valid lien against the property before Daviess Circuit Court entered the default judgment and, more importantly, after the Daviess Circuit Court entered the default judgment. The Trustee has not met her burden for obtaining relief under Fed. R. Bankr. P. 9024. In the John Campo case, the new evidence the Trustee seeks to present was not in existence at the time the Court entered the January 26, 2009

order of abandonment.  Furthermore,  in the Melanie Campo case, it would not have clearly changed the Court's March 20, 2009 ruling granting stay relief and abandonment.  As this Court held in *In re Brinley*, 347 B.R. 613 (Bankr. W.D. Ky 2006), "a strong policy of finality should accompany any abandonment."  Moreover, "revocation of abandonments will be allowed only in those extraordinary situations where the provisions of Fed. R. Bank. P. 9024 are met and the equities dictate that the abandonment be set aside." *Id.* at 619.  Here, this is not an extraordinary situation, the Trustee failed to meet the provisions of Fed. R. Bankr. P. 9024, and the equities do not dictate that the orders of abandonment be set aside.  An Order consistent with this Memorandum will be entered this same date.

David T. Stosberg
United States Bankruptcy Judge

Dated: October 16, 2009

7

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MELANIE WETZEL CAMPO | ) | CASE NO. 09-40122 |
| | ) | CHAPTER 7 |
| Debtor | ) | |

| | | |
|---|---|---|
| | ) | |
| JOHN D. CAMPO | ) | CASE NO. 08-41735 |
| | ) | CHAPTER 7 |
| Debtor | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Renewed Motions to Set Aside the Order Granting Bank of America, N.A.'s Motion for Relief from the Automatic Stay and for Abandonment of Property are **OVERRULED**.

David T. Stosberg
United States Bankruptcy Judge

Dated: October 16, 2009